# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES BARNETT | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:14-cv-125-WTL-DKL |
| | ) |
| STANLEY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of James Barnett for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 13-12-0009. For the reasons explained in this Entry, Barnett's habeas petition must be **denied**.

## Discussion

### A. Standard

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

## B. The Disciplinary Hearing

On November 26, 2013, Correctional Lieutenant B. Chalfin wrote a Report of Conduct in case ISF 13-12-0009 charging Barnett with Class A offense #102, Assault/Battery. The Conduct Report states:

> On 11-26-13 I Lt. B. Chalfin reviewed the cameras in Dorm 14B Dayroom. On 11-26-13 at approximately 1807 hours I Lt. B. Chalfin observed offender James Barnett #930553 grab, choke, and hit another offender causing this other offender to receive an injury requiring stitches. Dorm 14N Officer Fervida assisted in identifying offender Barnett. He was placed in MSU pending this conduct report.

Also on November 26, 2013, Correctional Officer Fervida wrote a statement which reads as follows:

> On 11/26/13 at approx. 1840 I C/O Fervida #206 observed the cameras with Lt. Chalfin over a fight in 14 North. I C/O Fervida [clearly] identified offender James Barnett DOC #930553 as one of the offenders in the fight.

On December 3, 2013, Barnett was notified of the charge of offense #102 and served with the conduct report and the notice of disciplinary hearing screening report. Barnett was notified of his rights and pled not guilty. Barnett did not request witness statements and requested the video as physical evidence.

On December 5, 2013, a hearing was held and the hearing officer found Barnett guilty of offense #102. In making the determination of guilt, the hearing officer considered staff reports, Barnett's statement, and picture and video evidence. Based on the hearing officer's recommendation the following sanctions were imposed: a written reprimand, one-hundred eighty (180) days of disciplinary segregation, a three-hundred sixty (360) day deprivation of earned credit time, and a demotion from credit class 1 to credit class 3. The hearing officer recommended the sanctions because of the seriousness and nature of the offense, and the degree to which the violation disrupted and endangered the security of the facility. Barnett's appeals were denied.

**C. Analysis**

In support of his claim for habeas relief, Barnett alleges that 1) the evidence was insufficient to support his disciplinary charge because there was no weapon involved in the fight and because the other offender involved in the fight was not sent to an outside hospital and 2) his due process rights were violated because the officers' reports of the incident conflicted and the other offender involved in the fight did not receive disciplinary charges.

1. *Sufficiency of the Evidence*

Barnett first challenges the sufficiency of the evidence to support his disciplinary conviction. Due process requires only that the hearing officer's decision be supported by "some evidence." *Hill,* 472 U.S. at 454; *Wolff,* 418 U.S. at 570-71; *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56. A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), the standard of 'some' evidence "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. This is a "lenient" standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

To be found guilty of class A offense #102, an offender must "[commit] battery/assault upon another person with a weapon . . . *or* [inflict] serious bodily injury." Lieutenant Chalfin's report of conduct states that he observed video showing Barnett "grab, choke, and hit another offender causing this offender to receive an injury requiring stitches." Officer Fervida's statement confirms that Barnett was involved in the fight. Further, picture evidence shows the injury sustained by the other individual involved in the altercation, which required stitches. This is "some evidence" sufficient to support Barnett's disciplinary conviction.

Barnett argues that he should not have been found guilty of class A offense #102 because there is no evidence that he had a weapon. But to be found guilty of class A offense #102, an offender does not need to have possessed a weapon. The offense prohibits "committing assault/battery upon another person with a weapon . . . *or* inflicting serious bodily injury." Although Barnett may not have had a weapon, he did inflict an injury on the other offender's head which required stitches. This is "some evidence" of serious bodily injury. Barnett also argues that because the other offender was not taken to an outside hospital, the evidence is insufficient to show that the offender suffered "serious bodily injury." Barnett admits this claim was not raised during the administrative process (Dkt. #1 p. 4 ¶ 13). Therefore, the claim is waived. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2000) (issues must be raised at all administrative levels). Even without waiver, Barnett has not shown that the evidence is insufficient to support his conviction. There is nothing in the language of offense #102 that requires outside medical treatment of the injured party in order for a guilty finding of that offense. Barnett has therefore failed to show that the evidence was insufficient to support his disciplinary conviction.

2. *Due Process*

Barnett also argues that his due process rights were violated because the officers' reports of the incident conflict and because the other offender involved in the fight was not disciplined. First the Court discerns no conflict between the reports. Lieutenant Chalfin's report and Officer Fervida's report each state that they observed video of Barnett in a fight with another offender. With respect to his argument that the other offender involved in the fight was not disciplined, Barnett has identified no due process violation.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Barnett's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 5/18/15

Distribution:

James Barnett
DOC # 930553
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

All electronically registered counsel